UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**WESLEASE 2018 OPERATING, LP,**

   Plaintiff,

v.     No. 4:20-cv-00776-P

**INNOVATIVE SAND SOLUTIONS, LLC, ET AL.,**

   Defendants.

## ORDER

The Court has concluded that it should not turn a blind eye to the egregious conduct of Defendants' counsel, J. Shelby Sharpe. Mr. Sharpe has demonstrated multiple instances of refusing to follow both a Court judgment and multiple Court orders. Mr. Sharpe has already been sanctioned by this court monetarily, but the Court is concerned that the conduct of the Defendants' counsel is unbecoming of a member of the bar and constitutes unethical behavior, within the meaning of Local Rule 83.8(b), Rule 11 of the Federal Rules of Civil Procedure, as well as further violations of 28 U.S.C. § 1927.

For convenience, the Court is severing from this matter, as a miscellaneous proceeding, for the possibility of discipline under Local Rule 83.8(b), Rule 11, and 28 U.S.C. § 1927. Accordingly, the Clerk of Court is **DIRECTED** to open a miscellaneous case against J. Shelby Sharpe and to place a copy of this order on its docket.

So far, the Court has identified the following concerning actions taken by J. Shelby Sharpe:

1) Failure to act in accordance with this Court's May 10, 2022 Final Judgement pursuant to this Court's Findings of Fact and Conclusions of Law (ECF No. 79);
2) Failure to act in accordance with this Court's March 22, 2024 Turnover Order (ECF No. 139);

3) Failure to rectify deficient behavior in related to #2 after the April 4, 2024 Show Cause Hearing (ECF No. 150);
4) Failure to act in accordance with this Court's April 5, 2024 Second Turnover Order (ECF No. 149);
5) Failure to rectify deficient behavior related to #3 after the May 21, 2024 Show Cause Hearing (ECF No. 165);
6) False representations to the Court concerning ownership and possession of various entities and physical property as pertaining to his clients;
7) Taking affirmative actions to prevent Plaintiffs from accessing entitled documents and property to which they are legally entitled.

Overall, Mr. Sharpe's behavior in this case appears to be antithetical to the professional, ordered behavior expected by, and owed to, this Court. It detracts both from the efficient functioning of this Court and the effective functioning of justice. Local Rule 83.8(b) governs the grounds for disciplinary action regarding a member of the bar. A presiding judge, after providing opportunity to show cause to the contrary, may take appropriate disciplinary actions against a member of the bar for conduct unbecoming, failure to comply with any order of the Court, among other violations such as unethical behavior. That strongly appears the case here.

On top of potential violations of Local Rule 83.8(b), the actions here seemingly violate Rule 11 of the Federal Rule of Civil Procedure and 28 U.S.C. § 1927. Sanctions under 28 U.S.C. § 1927 must be predicated on actions that are both unreasonable and vexatious: that is, there must be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court. *Edwards v. General Motors Corp.*, 153 F. 3d 242, 246 (5th Cir. 1998). The actions Mr. Sharpe has taken to avoid his clients' fulfillment of the judgment and his refusal to comply with this Court's orders falls squarely in line with actions that are both unreasonable and vexatious. He has continuously taken legal positions that are directly designed to avoid the payment of a binding judgment and has used dilatory tactics to make it difficult for Plaintiffs to access documents and property to which the Court has determined they are entitled. Both

2

Plaintiff and Defendants have had to spend thousands of dollars further litigating this already-closed case as a result of the actions taken by Mr. Sharpe.

The Court therefore **ORDERS** that a hearing be held commencing at **July 11, 2024 at 1:30 p.m.** in the Fourth Floor Courtroom of the United States Courthouse, Fort Worth, Texas, on the subjects of whether discipline should be imposed on J. Shelby Sharpe under the authority of Local Rule 83.8, Rule 11, and 28 U.S.C. § 1927, at which time, date, and place Mr. Sharpe is to be present along with all witnesses who are to provide testimony at his behest.

The Court further **ORDERS** that Brant C. Martin, a member of the bar of this Court, who offices at Wick Phillips LLP in Fort Worth, Texas, be appointed under Local Rule 83.8(g) to assist the Court in the handling of these sanctions and disciplinary proceedings. His assistance shall be in the form conducting an appropriate investigation to cause relevant evidence to be brought forward, the preparation for presentation of appropriate evidence at any hearing held in these proceedings, the conduct of appropriate cross-examination, and the presentation to the Court of such oral or written arguments and authorities and proposed findings of fact as are appropriate. Further, Mr. Martin shall have present with him at the commencement of such hearing all witnesses who are to provide testimony at his behest.

The Court further **ORDERS** that copies of this order be provided to J. Shelby Sharpe, Brant C. Martin, and all other attorneys identified in No. 4:20-cv-776-P as an attorney of record in that action.

**SO ORDERED** on this **21st day of May 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE