UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| *In re* J. SHELBY SHARPE | § <br> § Misc. Action No. 4:24-MC-0007-X <br> § |

## **MEMORANDUM OPINION AND ORDER**

Before Hendrix, Starr, and Means, District Judges:

    Before the Panel is J. Shelby Sharpe's motion for partial reconsideration. (Doc. 58). Sharpe presents several threads that, in his view, necessitate reconsideration. Those are: (1) dicta from the Fifth Circuit regarding the validity of the turnover order, (2) Sharpe's filing of the state court actions, (3) the Azle property, and (4) a former law clerk to Judge Pittman. For the following reasons, the Panel **DENIES** the motion for partial reconsideration.

### **I. Factual Background**

    As the Panel noted in its memorandum opinion and order, "[t]he history of the underlying case is long and arduous."[1] Naturally, so too is the history of this disciplinary action. Instead of repeating the Panel's extensive histories of both the underlying litigation and this disciplinary action, the Panel incorporates by reference the factual background set forth at length in its memorandum opinion and order at Doc. 54.

---

[1] Doc. 54 at 3.

1

## II.  Legal Standard

Sharpe never identifies his motion for reconsideration as a Rule 59(e) motion, but the Panel construes it as such.  Such a motion "calls into question the correctness of a judgment" but is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[2]  "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[3]  Finally, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[4]

## III.  Analysis

As mentioned above, Sharpe brings four items for error-correction: (1) dicta from the Fifth Circuit regarding the validity of the turnover order, (2) Sharpe's filing of the state court actions, (3) the Azle property, and (4) a former law clerk to Judge Pittman.  In the main, Sharpe's motion for reconsideration is exactly what Rule 59(e) isn't for: a rehashing of the evidence and arguments again.  The only new fact Sharpe presents is that the Fifth Circuit issued an opinion in some of the underlying litigation that Sharpe argues affects the value placed on Judge Pittman's turnover order.  The Panel disagrees with Sharpe's assessment of that opinion.

Sharpe points to the Fifth Circuit's dicta in its recent opinion recognizing that some of the appeals in the underlying litigation are now moot.  The Fifth Circuit noted that, although the Behans' appeals are moot, that does not mean their arguments

---

[2] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (cleaned up).

[3] *Id.* at 479 (cleaned up).

[4] *Id.*

regarding the propriety of the turnover order are "without foundation."[5] The court further "question[ed] whether the Turnover Order's conveyance of stock to Weslease granted Weslease any rights in real property owned by River North, a non-judgment debtor third party."[6]

While the Fifth Circuit questioned the turnover order, the turnover order itself did turn over "all stock, papers, ownership, and control held in and through River North."[7] Whether right, wrong, improvident, or prudent, the Behans could no longer control anything through River North, including real property. Whether granting that request was legally correct is not a matter for this Panel to decide—indeed it is emphatically beyond the scope of this disciplinary action to question the validity of Judge Pittman's orders. All that matters for the purposes of this disciplinary action is what the turnover order prevented Sharpe and the Behans from doing and whether that order was followed or not. Accordingly, the Fifth Circuit's footnote has little to no bearing on this disciplinary matter. Its existence does not affect the outcome of the disciplinary matter.

While Sharpe asks the Panel to reconsider on additional grounds, the Panel declines as they merely rehash the same arguments the Panel has already considered. As noted above, a motion for reconsideration is not a forum for a party to repeat himself with hope of a new outcome. However, the Panel stops here to say one

---

[5] *Weslease 2018 Operating, L.P. v. Behan*, No. 24-10246 (consolidated), slip op. at 6 n.2 (5th Cir. June 5, 2025) (per curiam) (not designated for publication).

[6] *Id.*

[7] *Weslease 2018 Operating, LP v. Innovative Sands Solutions, LLC*, 4:20-cv-0776-P, Doc. 111 at 4 (N.D. Tex.).

further thing to Mr. Sharpe. In conclusion to his brief, Sharpe states: "As he ends his career, [Sharpe] seeks to protect his reputation, so that his career can be ended honorably, not dishonorably."[8] Respectfully, how Mr. Sharpe ends his career is not up to this Panel—that is up to him. The Panel wishes Mr. Sharpe well as he wraps up his legal practice and hopes that Mr. Sharpe does indeed exhibit honor in the remaining months of his legal practice.

Lastly, the Panel wishes to convey that any further sanctionable conduct, except compliance with the Panel's sanction order, is outside the jurisdiction of the Panel. Therefore, any additional sanctionable conduct Sharpe undertakes is most properly handled in the first instance with the related district court.

## IV. Conclusion

For the foregoing reasons, the Panel **DENIES** the motion for partial reconsideration.

**IT IS SO ORDERED.**

Signed this 30th of June, 2025, for the Panel by:

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[8] Doc. 58 at 10.

4