UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**WESLEASE 2018 OPERATING, LP,**

   Plaintiff,

v().                                                   No. 4:20-cv-00776-P

**INNOVATIVE SAND SOLUTIONS, LLC, ET AL.,**

   Defendants.

## NOTICE & REQUEST FOR CLARIFICATION

"It's *déjà vu* all over again." Yogi Berra, *The Yogi Book: I Really Didn't Say Everything I Said!* 45 (1999). For at least the third time in these long and arduous proceedings, attorney J. Shelby Sharpe, has seemingly violated the orders of the three-judge panel and the undersigned banning him from representing clients or providing legal advice on a case pending in the Northern District of Texas.

The Court is hesitant to bother the learned Panel and only does so in an abundance of caution to clarify the Court's jurisdiction regarding Mr. Sharpe's latest potential violation of the Panel's order. Given the language of the Panel's Memorandum Opinion & Order (Sanctions Order) in the Miscellaneous Case, *In Re: J. Shelby Sharpe,* No. 4:24-mc-0007-X (*In re Sharpe*), the Court believes it possesses jurisdiction to handle the matter and scheduled a show cause hearing for **1:00 p.m. on October 2, 2025** to hear the matter. Nonetheless, the Court respectfully requests guidance from the Panel on the matter of jurisdiction.

The Court held a hearing on September 25, 2025 in the underlying case regarding various motions filed by J. Robert Forshey (Receiver), one of which being the Receiver's Motion for the Disclosure of Assets (ECF No. 529). ECF No. 562. At the hearing, Dale Behan testified under oath to violating the Court's Receivership Order (ECF No. 237) by, at a minimum, failing to disclose assets and property to the Receiver as required by the Receivership Order, which was entered almost a year ago to the day. Given the recurrent acts of nondisclosure spanning over a year, the Court ordered compliance with the Receivership Order by 12:00 p.m. the next day. ECF Nos. 549, 550. That deadline came and

went without the required disclosure by the Behans. Thus, the Court ordered the Behans to attend a hearing on September 29, 2025 to show cause why they should not be held in civil contempt for their noncompliance. ECF No. 552.

Upon the Court entering the order to show cause, the Behans, appearing *pro se*, appealed the Court's orders for disclosure. Notice of Appeal, *Weslease 2018 Operating v. Behan*, No. 25-11099 (5th Cir. Sept. 26, 2025), ECF No. 1. Mr. Sharpe then stepped in, filing an Emergency Opposed Motion for Stay of Hearing Pending Appeal in an attempt to stay the aforementioned September 29, 2025 show cause hearing. No. 25-11099 (5th Cir. Sept. 26, 2025), ECF No. 13. While Mr. Sharpe's name only appears in filings in the United States Court of Appeals for the Fifth Circuit, the Court is bewildered how Sharpe could only provide legal advice in the appellate court and not the underlying case at hand, as explicitly prohibited by the Panel's Sanctions Order.[1]

After sanctioning Sharpe for unethical conduct, the Panel's Sanctions Order states the following: "Lastly, the Panel wishes to convey that any further sanctionable conduct, except compliance with the Panel's sanction order, is outside the jurisdiction of the Panel. Therefore, any additional sanctionable conduct Sharpe undertakes is most properly handled in the first instance with the related district court." *In re Sharpe*, ECF No. 61 at 4. Because the Court is uncertain whether the matter listed above constitute "additional sanctionable conduct Sharpe undertakes" that is "most properly handled in the first instance with the related district court," or "compliance with the Panel's sanction order," it asks the Panel for further guidance and clarification as to the jurisdiction of the matter.

The Court attaches two documents to this Order for the Panel's convenience. **Exhibit A** is the Court's previous Orders (ECF Nos. 549, 550). **Exhibit B** is this Court's Order to Show Cause. The Court **DIRECTS** the Clerk of Court to file this Notice in Case No. 4:24-mc-0007-X.

**SO ORDERED** on this **30th day of September 2025.**

*[signature: Mark T. Pittman]*

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

---

[1] *See In re Sharpe*, ECF No. 54 at 20 ("[Sharpe] [s]hall not give legal advice to Dale or Linda Behan or their companies, including River North, their former companies, their affiliated companies, or any other entity that bears any meaningful relation to the Behans in any matter in litigation in the Northern District of Texas.").

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**WESLEASE 2018 OPERATING, LP,**

   Plaintiff,

v.                                             No. 4:20-cv-00776-P

**INNOVATIVE SAND SOLUTIONS, LLC,
ET AL.,**

   Defendants.

## ORDER

On September 25, 2025, the Court held a hearing in this matter regarding various motions filed by the Receiver, one of which being the Receiver's Motion for the Disclosure of Assets Located at 5000 CR 309, Cleburne, Texas, 76031, for Entry of an Order Requiring Defendants to Provide the Receiver Access to the Cleburne Property, and for Entry of an Order Preventing the Removal of Assets from the Cleburne Property. ECF No. 529.

At the hearing, Dale Behan testified under oath to violating the Court's Receivership Order (ECF No. 237) by, at a minimum, failing to disclose assets and property to the Receiver as required by the Receivership Order. Accordingly, and for the reasons stated at the hearing, the Court **ORDERS** Mr. Behan to disclose the following to the Court by **12:00 p.m. on September 26, 2025**:

1. Every phone number used by Dale Behan and Linda Behan, in their individual and corporate capacities, in the last year and the service provider for each number; and
2. Every piece of tangible property owned, possessed, stored, or used by Dale Behan, Linda Behan, River North Farms, Inc., and Hermitage Newark, LLC, including but not limited to:[1]

---

[1] The Court emphasizes that this list is non-exhaustive. It is merely illustrative of the kind of items that Mr. Behan should have already disclosed yet might not have.

      a. Automobiles (cars, SUVs, trucks);
      b. Motorcycles;
      c. Recreational vehicles (RVs, campers, motorhomes);
      d. Boats (motorboats, sailboats, yachts);
      e. Jet skis / personal watercraft;
      f. All-terrain vehicles (ATVs, UTVs);
      g. Golf carts;
      h. Aircraft (small planes, gliders);
      i. Trailers (utility, cargo, livestock, car haulers);
      j. Farm and agricultural equipment;
      k. Tools, machinery, construction equipment, industrial equipment, other outdoor equipment.

Additionally, the Court **ORDERS** that the two recreational vehicles and trailers discussed at the hearing be returned to the Cleburne Property, and that the certificate of title and keys to each recreational vehicle be turned over to the Receiver by **12:00 p.m. on September 26, 2025.** It is further **ORDERED** that the keys and certificate of title, or other title document, that has not previously been turned over or disclosed be turned over to the Receiver by **12:00 p.m. on September 26, 2025.**

Should it be discovered that the Behans have failed to comply with this Order, the Court will exercise its authority under 18 U.S.C. § 401, and the Behans **WILL** be arrested by the United States Marshals and held in custody until such time as they fully comply with the Court's orders and purge their contempt. The Court does not make this decision lightly. However, given the testimony at the hearing, repeated failures in complying with the Receivership Order, and the disrespect demonstrated to the Court, the Court finds that this would amount to the least severe sanction to ensure compliance with its orders.

**SO ORDERED** on this **25th day of September 2025.**

*/s/ Mark T. Pittman*

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**WESLEASE 2018 OPERATING, LP,**

   Plaintiff,

v.                                                                 No. 4:20-cv-00776-P

**INNOVATIVE SAND SOLUTIONS, LLC,
ET AL.,**

   Defendants.

## ORDER

   In accordance with the Court's previous Order (ECF No. 549), the Court finds it appropriate to and hereby does **ORDER** that Dale Behan, or an affiliate thereof, is responsible for driving and delivering all vehicles and equipment today and hereafter, unless the Receiver instructs otherwise, to the location determined by the Receiver or the Court. Unless directed by the Court, the Receiver shall be the final arbiter of delivery time and location for all assets today and hereafter.

   **SO ORDERED** on this **26th day of September 2025.**

*[signature: Mark T. Pittman]*

**MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE**

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**WESLEASE 2018 OPERATING, LP,**

    Plaintiff,

v.                                                           No. 4:20-cv-00776-P

**INNOVATIVE SAND SOLUTIONS, LLC, ET AL.,**

    Defendants.

## ORDER

On September 26, 2025, Shelby Sharpe filed a Motion for Stay Pending Appeal in the United States Court of Appeals for the Fifth Circuit regarding orders of the Court in the above-captioned case. On September 29, 2025, Mr. Sharpe filed a Letter in the Court of Appeals for the Fifth Circuit requesting an emergency stay of hearing scheduled for the same day in this Court.

Sharpe, however, is indefinitely suspended from the practice of law in the Northern District of Texas. *In re: J. Shelby Sharpe*, 4:24-mc-00007-X (N.D. Tex. June 3, 2025). Moreover, Mr. Sharpe is not permitted to "give legal advice to Dale or Linda Behan or their companies, including River North, their former companies, their associated companies, their affiliated companies, or any other entity that bears any meaningful relationship to the Behans in any matter in litigation in the Northern District of Texas." *Id.* at 2.

In filing the Stay Motion seeking a stay pending appeal as to an order entered by this Court, Mr. Sharpe certainly provided legal advice in relation to litigation pending in the Northern District, including advising the Behans regarding the application of Fed. Rule of Appellate Procedure 8(a) which requires any motion for a stay to be ordinarily filed first before this Court.

Accordingly, the Court **ORDERS** that Mr. Sharpe appear at a **SHOW CAUSE HEARING** to be held **October 2, 2025, at 1:00 p.m.** in the Fourth Floor Courtroom of the Eldon B. Mahon United States Courthouse. Mr. Sharpe shall be prepared to show cause why he should not by monetarily sanctioned yet again for defying not only the Court's order, but also the Panel's order from *In re: J. Shelby Sharpe*.

**SO ORDERED** on this **29th day of September 2025.**

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE