UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**WESLEASE 2018 OPERATING, LP,**

   Plaintiff,

v.                                                                  No. 4:20-cv-00776-P

**INNOVATIVE SAND SOLUTIONS, LLC,
ET AL.,**

   Defendants.

## OPINION & ORDER

There is an old maxim often incorrectly attributed to Albert Einstein—"Insanity is doing the same thing over and over again and expecting different results."[1] Although the saying did not originate with Einstein, it remains true nonetheless. Here, the maxim's wisdom is radiantly clear. At this point, the Court has lost count of the number of times it has either issued show cause orders, cajoled, threatened, sanctioned, or held attorney J. Shelby Sharpe in contempt for unethical conduct, violating court orders, and generally engaging in conduct unbecoming of a member of the bar.

On October 2, 2025, the Court held yet another hearing for Mr. Sharpe to show cause why he should not by sanctioned for not only defying the Court's August 18, 2025 Order (August Order), which indefinitely suspended him from practice in the Northern District of Texas (ECF 486), but also a three-judge Panel's (Panel) Memorandum Opinion & Order (Panel's Sanctions Order) from *In re: J. Shelby Sharpe*. 4:24-mc-00007-X (N.D. Tex. June 3, 2025), which also indefinitely banned him from practice in the Northern District of Texas.

---

[1] Quote Investigator, "Quote Origin: Insanity Is Doing the Same Thing Over and Over Again and Expecting Different Results," https://quoteinvestigator.com/2017/03/23/same/ (last visited Oct. 3, 2025).

This case spans more than five years and contains nearly 600 docket entries, a related disciplinary case, and fifteen different appeals. In the most recent order regarding Sharpe's conduct, the Court recited a brief history of Sharpe's dealings in this case on behalf of his clients, Dale and Linda Behan, and the related disciplinary action Panel. ECF No. 486. The Court thus finds it unnecessary to recount the saga and instead will focus its time on Sharpe's actions after the Panel's Sanctions Order was issued and this Court's August Order to provide context to the decision by the Court in assessing the least restrictive sanction to ensure compliance with the rules: **a monetary sanction of $14,000 and an additional sanction of $30,000 upon an unsuccessful appeal of this Order.**

## BACKGROUND

The August Order was, in part, necessitated by Sharpe filing a motion and an emergency motion for stay pending appeal regarding an order from this Court in the United States Court of Appeals for the Fifth Circuit. ECF No. 486. In the August Order, the Court outlined how Sharpe's filing of motions in the Fifth Circuit unavoidably required giving legal advice to the Behans or their related entities or affiliates in the Northern District. *Id.* Giving legal advice to the Behans in the Northern District is prohibited by the Panel's Sanctions Order. *In re Sharpe*, ECF No. 54 at 20. Therefore, in the August Order, the Court sanctioned Sharpe by indefinitely suspending him from practicing law in the Northern District and by ordering him to pay $12,000 to cover the costs and fees expended by Receiver in defending against Sharpe's motions. *Id.*

Undeterred, Sharpe decided to recycle his previous argument and again filed a Motion for Stay Pending Appeal in the Fifth Circuit regarding recent orders of the Court in the above-captioned case on September 26, 2025. *Weslease 2018 Operating v. Behan*, No. 25-11099 (5th Cir. Sept. 26, 2025), ECF No. 5. On September 29, 2025, Sharpe filed an Emergency Opposed Motion for Stay Pending Appeal in the Fifth Circuit requesting an emergency stay of hearing scheduled for the same day in this Court. *Weslease 2018 Operating v. Behan*, No. 25-11099 (5th Cir. Sept. 26, 2025), ECF No. 13. Accordingly, the Court ordered

Sharpe to attend a hearing on October 2, 2025, and show cause why he should not by monetarily sanctioned for providing legal advice relating to litigation pending in the Northern District. ECF No. 563.

## LEGAL STANDARD

District courts have authority to discipline attorneys pursuant to their local rules." *In re Finn*, 78 F.4th 153, 156 (5th Cir. 2023). Local Rule 83.8(b)(1)-(4) provide as follows:

> (b) Grounds for Disciplinary Action. A presiding judge, after giving opportunity to show case to the contrary, may take any appropriate disciplinary action against a member of the bar for:
>
>> (1) Conduct unbecoming a member of the bar;
>>
>> (2) Failure to comply with any rule or order of this court;
>>
>> (3) Unethical behavior; [or]
>>
>> (4) Inability to conduct litigation properly

L.R. 83.8(b)(1)–(4), (6).

The Court further possesses authority to sanction attorneys based on obligations imposed by the en banc opinion of this court in *Dondi Properties Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc). For Northern District practitioners, *Dondi* is "not an obscure case"—it is a code that all licensed attorneys in the Northern District agree to abide by. *Wissel v. Rural Media Group, Inc.*, No. 4:24-CV-00999-P, 2025 WL 2108002, at *2 (N.D. Tex. July 28, 2025); *see, e.g.*, *In re Discipline of Ray*, No. 4:19-MC-015-A, 2019 WL 3082523, at *6 (N.D. Tex. July 15, 2019) (McBryde, J.), *aff'd sub nom. In re Ray*, 951 F.3d 650 (5th Cir. 2020) ("The en banc *Dondi* opinion had as one of its goals informing and educating members of the Bar of this court that they should not engage in the kinds of inappropriate conduct in which Ray engaged in this case.") (emphasis added; cleaned up); *Butler v. Collins*, No. 3:18-CV-00037-E, 2022 WL 22890825, at *9 (N.D. Tex. Dec. 2, 2022) (Brown, J.) (setting a show cause hearing to sanction a New York attorney appearing pro hac vice for violating principles in *Dondi*);

*Cristan v. Bayer CropScience, L.P.*, No. 5:10-CV-119-C, 2011 WL 13291808, at *4 (N.D. Tex. July 6, 2011) (Cummings, J.) (sanctioning defendant's counsel located in Lubbock, Texas, for *Dondi* violations); *Lelsz v. Kavanagh*, 137 F.R.D. 646, 648 (N.D. Tex. 1991) (Sanders, C.J.) (removing the Assistant Attorney General from the litigation for continuing to violate the principles set forth in *Dondi*).

"[A]ttorney discipline proceedings require proof only by clear and convincing evidence." *Sealed Appellant I v. Sealed Appellee 1*, 211 F.3d 252, 254 (5th Cir. 2000). "Clear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction . . . so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004) (cleaned up). On appeal, any order from the undersigned would be reviewed for abuse of discretion. *In re Finn*, 78 F.4th 153, 156 (5th Cir. 2023).

"As a general rule, 'the sanctioning court must use the least restrictive sanction necessary to deter the inappropriate behavior.'" *In re Luttrell*, 749 F. App'x 281, 286 (5th Cir. 2018) (quoting *In re First City Bancorporation of Tex. Inc.*, 282 F.3d 864, 867 (5th Cir. 2002)); *see In re Elliott*, 15 F.3d 179 (5th Cir. 1994) (remanding to consider the least severe sanction under *Dondi* but affirming the bankruptcy court's authority to issue sanctions under *Dondi*). "In imposing a sanction after a finding of misconduct, a court should consider the duty violated, the attorney's mental state, the actual or potential injury caused by the attorney's misconduct, and the existence of aggravating or mitigating factors." *In re Sealed Appellant*, 194 F.3d 666, 673 (5th Cir. 1999) (citing ABA Standard for Imposing Lawyer Sanctions (ABA Standard) 3.0; *In re Quaid*, 646 So.2d 343, 350 (La. 1994) (citing ABA Standard 3.0)).

## ANALYSIS

The Panel's Sanctions Order against Sharpe stated, "[Sharpe] [s]hall not give legal advice to Dale or Linda Behan or their companies, including River North, their former companies, their associated companies, their affiliated companies, or any other entity that bears any

4

meaningful relationship to the Behans in any matter in litigation in the Northern District of Texas." *In re Sharpe*, ECF No. 54 at 20

This allegation requires analysis of Federal Rule of Appellate Procedure 8. Rule 8 states," [a] party must ordinarily move first in the district court for the following relief: a stay of the judgment or order of a district court pending appeal . . . ." FED. R. APP. P. 8(a)(1)(A). Such a motion may be made in the court of appeals if "moving first would be impracticable." *Id.* 8(a)(2)(A)(i).

Sharpe's filing of the Stay Motion and Emergency Stay Motion[2] in the Fifth Circuit unavoidably required giving legal advice to the Behans in the Northern District. As stated in Rule 8(a), a Stay Motion of this Court's order must ordinarily be filed before this Court. It is clear to the Court from the filings and testimony provided in the hearing that Sharpe filed directly in the Fifth Circuit to yet again circumvent his ban from doing so in this Court. Contrary to Sharpe's assertion, any advice on the ordinary route through the district court would *inevitably* require Sharpe to counsel the Behans and Appellants—at a minimum—on their rights concerning the enforcement of the district court's order. And such advice would, necessarily, involve practicing law in the Northern District of Texas. Therefore, Sharpe's Stay Motion categorically constitutes legal advice given to the Behans in violation of the Panel's Sanctions Order.

Sharpe has been warned time and again that his actions to avoid this Court's judgments and orders may result in a serious penalty. Just as the Panel did in June, and this Court did less than **six weeks ago**, the Court rejects Sharpe's recycled argument that his maneuver can be chalked up to his role as appellate counsel for the Behans. At this point, the Court can come to no other conclusion other than it is **impossible** for Sharpe to respect any rulings of this Court. Indeed, after five years

---

[2]Notably, Sharpe's Stay Motion and Emergency Stay Motion at the Fifth Circuit did not mention to the appellate court that he is indefinitely suspended from practicing law in the Northern District of Texas. This omission, by itself, is likely a violation of Sharpe's ethical duty of candor to the appellate court. *See Dondi,* 121 F.R.D. at 295 ("To the office of judge, a lawyer owes respect, diligence, candor and punctuality. . . .").

of presiding over these unending shenanigans, the Court can only determine that Sharpe has **zero** respect for the rule of law.

The Court takes very seriously its duty to impose the "least restrictive sanction necessary to deter the inappropriate behavior." *In re Luttrell*, 749 F. App'x 281, 286 (5th Cir. 2018) (citations omitted). Evidence of a pattern of misconduct is relevant to this Court's determination regarding the appropriate sanction. *In re Finn*, No. 3:22-MC-22-N, 2022 WL 20509131, at *2 (N.D. Tex. Oct. 25, 2022), *aff'd*, 78 F.4th 153 (5th Cir. 2023).

The Court has endeavored for over a year to impose the least severe sanction in an attempt to deter Sharpe's misconduct. The Court has, on separate occasions, fined Sharpe; held him in contempt; temporarily suspended his license to practice in the Northern District; ordered he withdraw from representing the Behans; and even ordered him to take the Multi state Professional Responsibility Exam (MPRE).[3] ECF Nos. 172, 291; *In re Sharpe*, ECF No. 17. And as a result of the Court's efforts, monetary sanctions are not foreign to Sharpe. *See* ECF Nos. 167, 181, 291, 486. Sharpe's conduct has wasted, and continued to waste, untold hours of time and expense for Plaintiff, the Court, the Behans' seemingly endless creditors, and the Receiver.

The Court sees no other option than to yet again impose another monetary sanction in hopes that it will finally ensure compliance with the Court's and the Panel's orders. The Court **ORDERS** Sharpe to pay the costs and fees expended by Receiver and McCathern, PLLC in defending the Stay Motion and attending the October 2, 2025 hearing in the amount of **$8,000.** Out of that amount, **$5,000** is to be disbursed by the Clerk of the Court to Receiver and **$3,000** to McCathern, PLLC. These amounts are based upon the good faith representations by counsel at the October 2, 2025 hearing. Additionally, the Court **ORDERS** Sharpe to pay **$6,000** into the registry of the court as an additional sanction to deter further violations of this Court's and the Panel's

---

[3]Mr. Sharpe has **twice** failed to pass the MPRE. As a result, he has been ordered to take the test for a **third** time in November 2025. ECF 538.

orders. Payment of the full **$14,000**[4] **sanction** shall be made by Sharpe into the registry of the Court by **October 9, 2025, at 12:00 p.m.**

Given Sharpe's myriad of appeals in this case, the Court finds it appropriate to and hereby does **ORDER** that in the event of an unsuccessful appeal of this Order to the Fifth Circuit, Sharpe shall pay the costs and fees expended by Receiver and McCathern, PLLC in defending the Court's decision on appeal into the registry of the Court in the amount of **$30,000.** Out of that amount, **$20,000** is to be disbursed to Receiver and **$10,000** to McCathern PLLC. Again, these amounts are based upon the good faith representations by counsel at the October 2, 2025 hearing.

As set forth herein and at the hearing on this matter, the Court finds that the current $14,000 monetary sanction and possible $30,000 future monetary sanction upon an unsuccessful appeal are the least severe sanction to deter Sharpe's continuing unethical and inappropriate behavior.

Further, if Sharpe contends once again that he cannot afford to discharge of the monetary sanction imposed by the Court,[5] the Court **ORDERS** Sharpe to produce, to the Court via a sealed filing and Receiver Bobby Forshey, a full disclosure of both his and his wife's

---

[4]For clarity, the $14,000 sanction accounts for the $8,000 in costs and fees and a $6,000 additional sanction, payable to the court. This sanction is $2,000 more than the previous monetary sanction and was formulated specifically because the earlier sanction did not correct Sharpe's conduct.

[5]After the August Order, Sharpe filed an emergency motion to stay the order at the Fifth Circuit, claiming that, despite practicing law for over sixty years, he was unable to pay the sanction. ECF No. 494. No evidence accompanied the motion. *Id.* At that time, this Court ordered Sharpe to provide a full disclosure of both his and his wife's incomes and assets. *Id.* After the deadline for the disclosure passed without any filing from Sharpe, the Court ordered the disclosure again. ECF No. 499. Upon a "woefully insufficient" disclosure by Sharpe, the Court ordered Sharpe to file a detailed declaration laying out his and wife's assets and incomes accompanied by the relevant documents. ECF No. 500. Conveniently, upon entry of that order, Sharpe magically procured the funds to discharge his sanction and avoid a detailed disclosure of assets. ECF No. 505.

incomes and assets[6] by **October 9, 2025 at 12:00 p.m.** and appear at a **SHOW CAUSE HEARING** to be held on **October 9, 2025 at 1:00 p.m.** in the Fourth Floor Courtroom of the Eldon B. Mahon United States Courthouse. At that time, Sharpe shall be prepared to be ordered to home confinement, at his own expense, until he can purge himself of the contempt by paying the $14,000 sanction.

Lastly, the Court **DIRECTS** the Clerk of Court to file this Order in Case No. 4:24-mc-00007-X before the Panel, and Case No. 25-11099 before the United States Court of Appeals for the Fifth Circuit.

**SO ORDERED** on this **3rd day of October 2025.**

_____
**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

---

[6] A full disclosure shall include the enumerated list in the Court's previous order demanding the same, attached to this Order as Exhibit A.

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**WESLEASE 2018 OPERATING, LP,**

   Plaintiff,

v.                                                 No. 4:20-cv-00776-P

**INNOVATIVE SAND SOLUTIONS, LLC,
ET AL.,**

   Defendants.

**ORDER**

Before the Court is Receiver's Notice of Comment (ECF No. 498), filed on August 28, 2025. Having reviewed J. Shelby Sharpe's declaration, which was attached to Receiver's Notice as an exhibit, the Court agrees that it is woefully insufficient. Therefore, it is **ORDERED** that Sharpe shall file, under seal, on or before **12:00 p.m., September 3, 2025,** a declaration laying out his and his wife's incomes and assets. The Declaration needs to be explicit that it covers all property, real or personal, tangible or intangible, wherever located, in which either you or your wife have or claim an interest of any type or nature, including your wife's community property and any property which she contends is her separate property. It should also include all properties or assets owned or claimed by the law firm (Law Firm) reflected in items 3, 9, and 10 of your Declaration. The Declaration should also include any documents available to substantiate your response. This should include full information as to each of the following in which you, your wife or the Law Firm has or claims any interest:

    1) All real estate or any attachments or fixtures located thereon or affixed thereto, including any interest in any oil and gas or mineral properties or any leasehold estates;

    2) All stocks or other securities or investment accounts of every type and nature;

3) All mutual funds, exchange-traded funds, or other similar investment accounts or vehicles;

4) All bank accounts, checking accounts, savings accounts, money market accounts, or other similar accounts;

5) Any certificates of deposit or similar instruments reflecting any similar obligation by a financial institution;

6) All insurance policies owned by you, your spouse or the Law Firm or as to which any of you is a beneficiary;

7) All vehicles, whether owned or leased;

8) All individual retirement accounts in which you or your spouse claims an interest;

9) All profit sharing plans, retirement plans, or other similar retirement or benefit plans in which either you or your spouse hold an interest or a beneficiary;

10) Any safety deposit boxes or safe to which either your or your wife has access and the contents thereof;

11) Any precious metals and any documents reflecting any interest therein;

12) Any commodities or commodity account and any documents reflecting any interest therein;

13) All items of jewelry or precious stones or metals;

14) All household furnishings;

15) All pieces of art, including any paintings, sculptures, or other pieces of art;

16) Any ownership in any law firm, including the Law Firm;

17) All assets or property owned by the Law Firm, or any other law firm in which you still owe an interest, including all accounts receivable of, or amounts payable to, the Law Firm, as well as all documents reflecting any billings to clients or any unbilled work in progress (WIP);

18) Copies of all bank or other account statements of any account held by you or your spouse since January 1, 2022;

19) All malpractice policies covering you, the Law Firm, or any other law firm with which you were affiliated for any period from and after January 1, 2022;

20) Every debt or obligation of every type and nature, whether fixed or contingent, and however evidenced owed or potentially owed to you, your wife, or your Law Firm;

21) Any lawsuits in which you or your wife are parties or were parties at any time since January 1, 2022;

22) Any trusts (of any type) for which either you or your wife were either a grantor or a beneficiary, whether such beneficial interest is vested or unvested;

23) Any sources of income, or potential income, available to you, your wife, or the Law Firm;

24) Any interests in partnerships or limited partnerships;

25) Any interest in any business entities or entities of any type, including any interests in a corporation, limited liability company, professional entity, or business trust;

26) Any annuities or similar contracts or instruments in which you or your wife held or claim on interest including as a beneficiary thereof;

27) Any right to Social Security benefits;

28) All property or assets located on, or used in connection with, the property located at 5117 Locke Avenue, Fort Worth, Texas;

29) The Law Firm's bank statements for any account (checking, savings, money market, or otherwise) from and after January 1, 2022;

30) Any fee payable to, or property rights, or value realizable by you, including any contingent fee interest or agreement, directly or indirectly, or through any person or entity, in relation to the following lawsuit ("Lawsuit"), which is currently pending before the Texas Supreme Court as follows: *Equinor Energy, L.P. v. Lindale Pipeline*, LLC, Case No. 01-21- 00712-cv, 716 S.W. 3d 683 (Tex. App. – Houston [1st Dist.] 2023), review granted by the Texas Supreme Court on June 20, 2025, Case No. 24-0425 in the Supreme Court of Texas.

31) Any contracts or other agreement with Lindale Pipeline, LLC, or any other person relating to the Lawsuit or any interest or rights in or related to the Lawsuit, including without limitation any contingent fee interest or contract.

32) Any fees payable to, or which reflect any property right, in any value realizable by you, your wife, or the Law Firm, directly or indirectly, or through any person, in relation to any lawsuit, arbitration, or other legal proceedings.

33) The bills and debts reflected in item 16 of your Declaration.

34) Any contracts of every type and nature not included in the above;

35) Any intangible assets not otherwise included in the requests above; and

36) Your form 1040 income tax returns for you, your wife, and the Law Firm for 2022, 2023, and 2024. If the 2024 return is not yet filed, all papers or documents provided to your accountant or other tax preparer to use to prepare the return. If you intend to prepare the return for 2024, all documents you intend to use to prepare the return.

Sharpe's obligation to file his declaration in accordance with the Court's prior order (ECF No. 499) is hereby **moot and superseded** by this order.

**SO ORDERED** on this **28th day of August 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE